Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004501
Transaction ID: 0002397140
Filing Date: 05/20/2015 04:03:48 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| GRAHAM CONSTRUCTION, INC., and ARCH INSURANCE GROUP, ) ) ) | Case No. CI 15-_____ |
| Plaintiffs, ) ) | |
| vs. ) ) | **COMPLAINT** |
| MARKEL INSURANCE CO., ) ) | |
| Defendant. ) | |

The Plaintiffs, Graham Construction, Inc. and Arch Insurance Group, for their Complaint for Declaratory Judgment against the Defendant Markel Insurance Co., state and allege as follows:

1. This is an action brought under NEB. REV. STAT. § 25-21,149 et. seq. to determine the rights, duties and obligations of the parties hereto under a subcontract entered into between the Plaintiff's insured, Graham Construction, Inc. ("Graham"), and the Defendant's insured, D&BR Building Systems, Inc. (D&BR), and an insurance policy issued by the Defendant Markel Insurance Co. ("Markel") to its insured D&BR, naming Graham as an additional insured.

### PARTIES

2. Graham is a general contractor doing business in the State of Nebraska.

3. Arch Insurance Group ("Arch") is an insurance company with its principal place of business in a state other than Nebraska, but does business in the State of Nebraska.

4. Markel is an insurance company with its principal place of business in a state other than Nebraska, but does business in the State of Nebraska.

1

Exhibit 1

## NATURE OF ACTUAL CONTROVERSY

5.   Arch is, and at all relevant times was, the insurer of Graham.

6.   Markel is, and at all relevant times was, the insurer of D&BR.

7.   On or about January 18, 2008, Graham and D&BR Building Systems, Inc. entered into a subcontract for purposes of D&BR providing certain work on a roof of a Wal-Mart building in Omaha, Nebraska (the "Subcontract").

8.   Paragraph 29 of the Terms and Conditions of the Subcontract specifically provides in pertinent part:

> INDEMNIFICATION. Subcontractor [D&BR] agrees to defend, indemnify and hold Contractor [Graham] harmless for any and all claims, demands, losses and liabilities to or by third parties arising from, resulting from, or connected with services performed or to be performed under this Subcontract by Subcontractor or Subcontractor's agents or employees to the fullest extent permitted by law…

9.   Paragraph 18 of the Terms and Conditions of the Subcontract specifically provides in pertinent part:

> INSURANCE. The Subcontractor [D&BR] will obtain and keep in force during the term of the contract public liability and property damage insurance with coverage equal to, or greater than, the minimum specified in the Main Contract and Contractor requirements. The Subcontractor shall furnish to the Contractor [Graham] evidence of this insurance… naming the Contractor [Graham], the Owner and those identified in the Main Contract as additional insureds for ongoing and completed operations with respect to work performed by or on the behalf of the subcontractor. Such insurance shall be primary and non-contributory to that of the additional insureds… The insurance shall include: contractual liability coverage applicable to the indemnity provisions of this subcontract, defense costs outside of policy limits, and coverage for punitive damages… Evidence of this insurance shall also be accompanied by a completed and signed "Insurance Coverage Checklist and Certification"…and the following policy endorsements: additional insured, primary and noncontributory, waiver of subrogation and per project aggregate…

2

10. Pursuant to the Terms and Conditions of the Subcontract, D&BR obtained a commercial general liability policy from the Defendant, Markel, naming Graham as an additional insured.

11. On January 27, 2008, Jose Sanchez Dominguez was working on the roof of the Wal-Mart Building and was fatally injured.

12. Subsequently after Mr. Sanchez Dominguez was fatally injured, Guadalupe Gaytan ("Gaytan"), as special administrator of the Estate of Jose Sanchez Dominguez, filed a lawsuit against Wal-Mart, Graham, D&BR, and others, seeking to recover damages as a result of the January 27, 2008, incident (the "Gaytan Action").

13. The operative complaint in the Gaytan Action specifically alleges in pertinent part (emphasis added):

> 7. ... At the time of this incident, Plaintiff's decedent was an employee of Stellar Staffing who *contracted with D&BR to provide laborers on their worksite*. D&BR was a subcontractor for Graham Construction to perform work on the Wal-Mart Store #4358 construction site. D&BR is named as a Defendant because it, or its insurance carrier, may have a subrogation claim for workers' compensation benefits.

14. On or about July 13, 2010, Graham filed an Answer and Cross-Claim against D&BR Building Systems. The Answer affirmatively alleges, and the Cross-Claim alleges, in pertinent part:

> 14. Graham affirmatively alleges that the injury and death of decedent, Jose Sanchez Dominguez, was proximately caused by the negligence of defendant D&BR Building Systems, Inc. and pursuant to the Nebraska Comparative Fault Act, defendant D&BR Building Systems, Inc. should be allocated a percentage of fault by the trier of fact for such negligence.
>
> ...
>
> CROSS-CLAIM

…

4. The injury to the decedent, Jose Sanchez Dominguez, was proximately caused by the negligence of defendant D&BR Building Systems.

5. In the event that Graham is found liable to the plaintiff in the above-captioned matter, D&BR Building Systems, Inc. is liable to Graham for all liability that is attributable to the negligence of D&BR Building Systems, Inc.

15. Based on the operative pleadings associated with the Gaytan Action, on several occasions between the time the Gaytan Action was filed until the time the Plaintiffs filed the present action, the Plaintiffs have tendered the defense of Graham to the Defendant under the Subcontract and the policy of insurance issued by the Defendant to D&BR, naming Graham as an additional insured. The Plaintiffs requested, pursuant to the same, that the Defendant agree to defend and indemnify Graham in the Gaytan Action.

16. The Defendant has continuously refused to defend and indemnify Graham in the lawsuit filed by Gaytan.

17. As a result of the Defendant refusing to defend and indemnify Graham, Arch, as the insurer for Graham, has expended sums in the defense of its Graham with respect to the Gaytan Action. Said defense sums are properly the obligation of Markel.

18. A judicial declaration is necessary and appropriate in order for the Plaintiffs to ascertain the rights and duties under the Subcontract and policy of insurance issued by the Defendant to D&BR, naming Graham as an additional insured.

WHEREFORE, the Plaintiffs respectfully request the Court enter an Order declaring:

A. That Graham is an additional insured under the policy issued by the Defendant to D&BR;

4

B. That the Defendant is obligated to provide a defense to Graham in the Gaytan Action by retaining counsel and paying all of the costs and expenses associated with such defense;

C. That the Defendant Markel is obligated to reimburse Arch all sums Arch has expended to date in defense of Graham with respect to the Gaytan Action;

D. That the Defendant Markel is obligated to indemnify Graham in the event any judgment may be entered against it in favor of Gaytan;

E. That the Defendant is required to pay attorney fees of Arch and Graham for bringing this action pursuant to NEB. REV. STAT. § 44-359;

F. That the Defendant is required to pay all of the Plaintiffs' costs in the present action.

**GRAHAM CONSTRUCTION, INC. and ARCH INSURANCE GROUP, Plaintiffs**

By: Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, NE 68508
(402) 475-1075
rgoyette@baylorevnen.com

By: _____
Randall L. Goyette, # 16251
Stephen J. Schutz, # 25550

Filed in Dc c`        Court
*** EFILED ***
se Number: D01CI150004501
Transaction ID: 0002404952
Filing Da    5        CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| GRAHAM CONSTRUCTION, INC., and ARCH INSURANCE GROUP, | ) ) ) | Case No. CI 15-4501 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | PRAECIPE FOR SUMMONS |
| MARKEL INSURANCE CO., | ) ) | |
| Defendant. | ) ) | |

TO CLERK OF SAID COURT:

Please issue summons in the above-captioned cause and deliver a copy of the same to the undersigned attorney to be served by certified mail on the defendant at the following address:

    Markel Service, Incorporated
    4521 Highwoods Parkway
    Glen Allen, VA 23060

    GRAHAM CONSTRUCTION, INC. and ARCH INSURANCE GROUP, Plaintiffs

By:  Baylor, Evnen, Curtiss, Grimit & Witt, LLP
    Wells Fargo Center
    1248 "0" Street, Suite 600
    Lincoln, NE 68508
    (402) 475-1075
    rgoyette@baylorevnen.com

By: _____
    Randall L. Goyette, # 16251

1153954

| Image ID: D00323315D01 | SUMMONS | Doc. No.  323315 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183

Graham Construction Inc v. Markel Insurance Co

Case ID: CI 15    4501

TO: Markel Insurance Co

FILED BY
Clerk of the Douglas District Court
05/26/2015

You have been sued by the following plaintiff(s):

Graham Construction Inc          Arch Insurance Group

Plaintiff's Attorney:    Randall L Goyette
Address:                 1248 O St., Ste 600
                         Lincoln, NE 68508

Telephone:               (402) 475-1075

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: MAY 26, 2015      BY THE COURT:   *John A. Friend*
                                        Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Markel Insurance Co
Markel Service, Inc.
4521 Highwoods Parkway
Glen Allen, VA 23060

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| GRAHAM CONSTRUCTION, INC., and ARCH INSURANCE GROUP, | CASE NO.: CI 15 4501 |
| Plaintiffs, | PRAECIPE FOR ALIAS SUMMONS |
| vs. | |
| MARKEL INSURANCE CO., | |
| Defendant. | |

Please issue summons in the above-captioned cause and deliver a copy of the same to the undersigned attorney to be served by certified mail on the defendant at the following address:

Markel Service, Incorporated
4521 Highwoods Parkway
Glen Allen, VA 23060


GRAHAM CONSTRUCTION, INC. and ARCH INSURANCE GROUP, Plaintiffs

By: Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "0" Street, Suite 600
Lincoln, NE 68508
(402) 475-1075
rgo,) cue *a* baylorevnen.com


By: /s/ Randall L. Goyette
Randall L. Goyette, # 16251

1167204

| Image ID:<br>D00327159D01 | SUMMONS | Doc. No.   327159 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183


Graham Construction Inc v. Markel Insurance Co

Case ID: CI 15    4501


TO: Markel Insurance Co

**FILED BY**
Clerk of the Douglas District Court
06/17/2015

You have been sued by the following plaintiff(s):

  Graham Construction Inc         Arch Insurance Group



Plaintiff's Attorney:    Randall L Goyette
Address:                 1248 O St., Ste 600
                         Lincoln, NE 68508

Telephone:               (402) 475-1075

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: JUNE 17, 2015      BY THE COURT: *John M. Jr* Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Markel Insurance Co
    Markel Service, Inc.
    4521 Highwoods Parkway
    Glen Allen, VA 23060

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

Filed in Douglas DiStrict Court
EFILED "**
Case Number: D01C1150004501
Transaction ID: 0002521026
Filing Date. 06129/2015 01:20:40 PM CDT
Doc. No. 327159

**RVICt:ROtuRiq**

Douglas District Court
1701 Farnam
Omaha        NE 68183

To:
Case ID: CI 15    4501 Graham Constructio v. Markel Insurance C



## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: MRS' L--11'60g Pioce  COAVPVº

At the following address: Mfkg.g.f.-1,- SOU 1 ce.5

EyH w0005 ??cl-x-v•IN`i

\IPt    9·30490

on the ___rl ti'''___ day of ___woe___ '2_016, as required by Nebraska state law.

Postage $ _____   Attorney for: G Frg         oaciN coo     NSA NC

The return receipt for mailing to the party was signed on 3 Is•  'LH   '7 0

To: Markel Insurance Co
    Markel Service, Inc.
    4521 Highwoods Parkway
    Glen Allen, VA 23060

From: Randall L Goyette
      1248 0 St., Ste 600
      Lincoln, NE 68508

# A1ACH RETURN RECEIPT ;x RETU N T COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150004501
Transaction ID: 0002575408
Filing Date: 07/15/2015 01:29:25 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| GRAHAM CONSTRUCTION, INC., and ARCH INSURANCE GROUP, | ) ) ) | Case No. CI 15-4501 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **AMENDED COMPLAINT** |
| MARKEL AMERICAN INSURANCE CO., | ) ) ) | |
| Defendant. | ) | |

The Plaintiffs, Graham Construction, Inc. and Arch Insurance Group, for their Amended Complaint for Declaratory Judgment against the Defendant Markel American Insurance Co., state and allege as follows:

1.  This is an action brought under NEB. REV. STAT. § 25-21,149 et. seq. to determine the rights, duties and obligations of the parties hereto under a subcontract entered into between the Plaintiff's insured, Graham Construction, Inc. ("Graham"), and the Defendant's insured, D&BR Building Systems, Inc. (D&BR), and an insurance policy issued by the Defendant Markel American Insurance Co. ("Markel") to its insured D&BR, naming Graham as an additional insured.

**PARTIES**

2.  Graham is a general contractor doing business in the State of Nebraska.

3.  Arch Insurance Group ("Arch") is an insurance company with its principal place of business in a state other than Nebraska, but does business in the State of Nebraska.

4.  Markel is an insurance company with its principal place of business in a state other than Nebraska, but does business in the State of Nebraska.

1

### NATURE OF ACTUAL CONTROVERSY

5. Arch is, and at all relevant times was, the insurer of Graham.

6. Markel is, and at all relevant times was, the insurer of D&BR.

7. On or about January 18, 2008, Graham and D&BR Building Systems, Inc. entered into a subcontract for purposes of D&BR providing certain work on a roof of a Wal-Mart building in Omaha, Nebraska (the "Subcontract").

8. Paragraph 29 of the Terms and Conditions of the Subcontract specifically provides in pertinent part:

> INDEMNIFICATION. Subcontractor [D&BR] agrees to defend, indemnify and hold Contractor [Graham] harmless for any and all claims, demands, losses and liabilities to or by third parties arising from, resulting from, or connected with services performed or to be performed under this Subcontract by Subcontractor or Subcontractor's agents or employees to the fullest extent permitted by law…

9. Paragraph 18 of the Terms and Conditions of the Subcontract specifically provides in pertinent part:

> INSURANCE.  The Subcontractor [D&BR] will obtain and keep in force during the term of the contract public liability and property damage insurance with coverage equal to, or greater than, the minimum specified in the Main Contract and Contractor requirements. The Subcontractor shall furnish to the Contractor [Graham] evidence of this insurance… naming the Contractor [Graham], the Owner and those identified in the Main Contract as additional insureds for ongoing and completed operations with respect to work performed by or on the behalf of the subcontractor. Such insurance shall be primary and non-contributory to that of the additional insureds… The insurance shall include: contractual liability coverage applicable to the indemnity provisions of this subcontract, defense costs outside of policy limits, and coverage for punitive damages… Evidence of this insurance shall also be accompanied by a completed and signed "Insurance Coverage Checklist and Certification"…and the following policy endorsements: additional insured, primary and noncontributory, waiver of subrogation and per project aggregate…

10. Pursuant to the Terms and Conditions of the Subcontract, D&BR obtained a commercial general liability policy from the Defendant, Markel, naming Graham as an additional insured.

11. On January 27, 2008, Jose Sanchez Dominguez was working on the roof of the Wal-Mart Building and was fatally injured.

12. Subsequently after Mr. Sanchez Dominguez was fatally injured, Guadalupe Gaytan ("Gaytan"), as special administrator of the Estate of Jose Sanchez Dominguez, filed a lawsuit against Wal-Mart, Graham, D&BR, and others, seeking to recover damages as a result of the January 27, 2008, incident (the "Gaytan Action").

13. The operative complaint in the Gaytan Action specifically alleges in pertinent part (emphasis added):

> 7. … At the time of this incident, Plaintiff's decedent was an employee of Stellar Staffing who ***contracted with D&BR to provide laborers on their worksite***. D&BR was a subcontractor for Graham Construction to perform work on the Wal-Mart Store #4358 construction site. D&BR is named as a Defendant because it, or its insurance carrier, may have a subrogation claim for workers' compensation benefits.

14. On or about July 13, 2010, Graham filed an Answer and Cross-Claim against D&BR Building Systems. The Answer affirmatively alleges, and the Cross-Claim alleges, in pertinent part:

> 14. Graham affirmatively alleges that the injury and death of decedent, Jose Sanchez Dominguez, was proximately caused by the negligence of defendant D&BR Building Systems, Inc. and pursuant to the Nebraska Comparative Fault Act, defendant D&BR Building Systems, Inc. should be allocated a percentage of fault by the trier of fact for such negligence.
>
> …
>
> CROSS-CLAIM

> …
>
> 4. The injury to the decedent, Jose Sanchez Dominguez, was proximately caused by the negligence of defendant D&BR Building Systems.
>
> 5. In the event that Graham is found liable to the plaintiff in the above-captioned matter, D&BR Building Systems, Inc. is liable to Graham for all liability that is attributable to the negligence of D&BR Building Systems, Inc.

15. Based on the operative pleadings associated with the Gaytan Action, on several occasions between the time the Gaytan Action was filed until the time the Plaintiffs filed the present action, the Plaintiffs have tendered the defense of Graham to the Defendant under the Subcontract and the policy of insurance issued by the Defendant to D&BR, naming Graham as an additional insured. The Plaintiffs requested, pursuant to the same, that the Defendant agree to defend and indemnify Graham in the Gaytan Action.

16. The Defendant has continuously refused to defend and indemnify Graham in the lawsuit filed by Gaytan.

17. As a result of the Defendant refusing to defend and indemnify Graham, Arch, as the insurer for Graham, has expended sums in the defense of its Graham with respect to the Gaytan Action. Said defense sums are properly the obligation of Markel.

18. A judicial declaration is necessary and appropriate in order for the Plaintiffs to ascertain the rights and duties under the Subcontract and policy of insurance issued by the Defendant to D&BR, naming Graham as an additional insured.

WHEREFORE, the Plaintiffs respectfully request the Court enter an Order declaring:

A. That Graham is an additional insured under the policy issued by the Defendant to D&BR;

B.  That the Defendant is obligated to provide a defense to Graham in the Gaytan Action by retaining counsel and paying all of the costs and expenses associated with such defense;

C.  That the Defendant Markel is obligated to reimburse Arch all sums Arch has expended to date in defense of Graham with respect to the Gaytan Action;

D.  That the Defendant Markel is obligated to indemnify Graham in the event any judgment may be entered against it in favor of Gaytan;

E.  That the Defendant is required to pay attorney fees of Arch and Graham for bringing this action pursuant to NEB. REV. STAT. § 44-359;

F.  That the Defendant is required to pay all of the Plaintiffs' costs in the present action.

        **GRAHAM CONSTRUCTION, INC. and ARCH INSURANCE GROUP, Plaintiffs**

By:   Baylor, Evnen, Curtiss, Grimit & Witt, LLP
        Wells Fargo Center
        1248 "O" Street, Suite 600
        Lincoln, NE  68508
        (402) 475-1075
        rgoyette@baylorevnen.com

By:   /s/ Randall L. Goyette_____
        Randall L. Goyette, # 16251

1182552

# Certificate of Service

I hereby certify that on Wednesday, July 15, 2015 I provided a true and correct copy of the Amended Complaint to the following:

Markel Insurance Co service method: No Service

Graham Construction Inc represented by Stephen Schutz (Bar Number: 25550) service method: Electronic Service to sschutz@baylorevnen.com

Arch Insurance Group represented by Stephen Schutz (Bar Number: 25550) service method: Electronic Service to sschutz@baylorevnen.com

Signature: /s/ Goyette,Randall,L (Bar Number: 16251)