IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GRAHAM CONSTRUCTION, INC., and ARCH INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKEL AMERICAN INSURANCE CO.,<br><br>Defendant. | CASE NO.  8:15-CV-00276<br><br>**PLAINTIFFS' AMENDED COMPLAINT** |

The Plaintiffs, Graham Construction, Inc. and Arch Insurance Company, for their Amended Complaint for Declaratory Judgment against the Defendant Markel American Insurance Co., state and allege as follows:

1. This is an action brought under NEB. REV. STAT. § 25-21,149 et. seq. to determine the rights, duties and obligations of the parties hereto under a subcontract between Arch Insurance Company's ("Arch") insured, Graham Construction, Inc. ("Graham"), and the Defendant's insured, D&BR Building Systems, Inc. (D&BR), and an insurance policy issued by the Defendant Markel American Insurance Co. ("Markel") to its insured D&BR, naming Graham as an additional insured.

**PARTIES**

2. Graham is a general contractor doing business in the State of Nebraska.

3. Arch is an insurance company with its principal place of business in a state other than Nebraska, but does business in the State of Nebraska.

4. Markel is an insurance company with its principal place of business in a state other than Nebraska, but does business in the State of Nebraska.

1

## NATURE OF ACTUAL CONTROVERSY

5.      Arch is, and at all relevant times was, the insurer of Graham.

6.      Markel is, and at all relevant times was, the insurer of D&BR.

7.      On or about January 18, 2008, Graham Contracting, Ltd. and D&BR Building Systems, Inc. entered into a subcontract for purposes of D&BR providing certain work on a roof of a Wal-Mart building in Omaha, Nebraska (the "Subcontract"). Graham Contracting, Ltd. subsequently assigned the Subcontract to Graham Construction, Inc.

8.      Paragraph 29 of the Terms and Conditions of the Subcontract specifically provides in pertinent part:

> INDEMNIFICATION. Subcontractor [D&BR] agrees to defend, indemnify and hold Contractor [Graham] harmless for any and all claims, demands, losses and liabilities to or by third parties arising from, resulting from, or connected with services performed or to be performed under this Subcontract by Subcontractor or Subcontractor's agents or employees to the fullest extent permitted by law…

9.      Paragraph 18 of the Terms and Conditions of the Subcontract specifically provides in pertinent part:

> INSURANCE.  The Subcontractor [D&BR] will obtain and keep in force during the term of the contract public liability and property damage insurance with coverage equal to, or greater than, the minimum specified in the Main Contract and Contractor requirements. The Subcontractor shall furnish to the Contractor [Graham] evidence of this insurance… naming the Contractor [Graham], the Owner and those identified in the Main Contract as additional insureds for ongoing and completed operations with respect to work performed by or on the behalf of the subcontractor. Such insurance shall be primary and non-contributory to that of the additional insureds… The insurance shall include: contractual liability coverage applicable to the indemnity provisions of this subcontract, defense costs outside of policy limits, and coverage for punitive damages… Evidence of this insurance shall also be accompanied by a completed and signed "Insurance Coverage Checklist and Certification"…and the following policy endorsements: additional insured, primary and noncontributory, waiver of subrogation and per project aggregate…

10. Pursuant to the Terms and Conditions of the Subcontract, D&BR obtained a commercial general liability policy from the Defendant, Markel, naming Graham as an additional insured.

11. On January 27, 2008, Jose Sanchez Dominguez was working on the roof of the Wal-Mart Building and was fatally injured.

12. Subsequently after Mr. Sanchez Dominguez was fatally injured, Guadalupe Gaytan ("Gaytan"), as special administrator of the Estate of Jose Sanchez Dominguez, filed a lawsuit against Wal-Mart, Graham, D&BR, and others, seeking to recover damages as a result of the January 27, 2008, incident (the "Gaytan Action").

13. The operative complaint in the Gaytan Action specifically alleges in pertinent part (emphasis added):

> 7. … At the time of this incident, Plaintiff's decedent was an employee of Stellar Staffing who *contracted with D&BR to provide laborers on their worksite*. D&BR was a subcontractor for Graham Construction to perform work on the Wal-Mart Store #4358 construction site. D&BR is named as a Defendant because it, or its insurance carrier, may have a subrogation claim for workers' compensation benefits.

14. On or about July 13, 2010, Graham filed an Answer and Cross-Claim against D&BR Building Systems. The Answer affirmatively alleges, and the Cross-Claim alleges, in pertinent part:

> 14. Graham affirmatively alleges that the injury and death of decedent, Jose Sanchez Dominguez, was proximately caused by the negligence of defendant D&BR Building Systems, Inc. and pursuant to the Nebraska Comparative Fault Act, defendant D&BR Building Systems, Inc. should be allocated a percentage of fault by the trier of fact for such negligence.
>
> …
>
> CROSS-CLAIM

…

4.     The injury to the decedent, Jose Sanchez Dominguez, was proximately caused by the negligence of defendant D&BR Building Systems.

5.     In the event that Graham is found liable to the plaintiff in the above-captioned matter, D&BR Building Systems, Inc. is liable to Graham for all liability that is attributable to the negligence of D&BR Building Systems, Inc.

15.    Based on the operative pleadings associated with the Gaytan Action, on several occasions between the time the Gaytan Action was filed until the time the Plaintiffs filed the present action, the Plaintiffs have tendered the defense of Graham to the Defendant under the Subcontract and the policy of insurance issued by the Defendant to D&BR, naming Graham as an additional insured. The Plaintiffs requested, pursuant to the same, that the Defendant agree to defend and indemnify Graham in the Gaytan Action.

16.    The Defendant has continuously refused to defend and indemnify Graham in the lawsuit filed by Gaytan.

17.    As a result of the Defendant refusing to defend and indemnify Graham, Arch, as the insurer for Graham, has expended sums in the defense of its Graham with respect to the Gaytan Action. Said defense sums are properly the obligation of Markel.

18.    A judicial declaration is necessary and appropriate in order for the Plaintiffs to ascertain the rights and duties under the Subcontract and policy of insurance issued by the Defendant to D&BR, naming Graham as an additional insured.

WHEREFORE, the Plaintiffs respectfully request the Court enter an Order declaring:

A.     That Graham is an additional insured under the policy issued by the Defendant to D&BR;

4

B.      That the Defendant is obligated to provide a defense to Graham in the Gaytan Action by retaining counsel and paying all of the costs and expenses associated with such defense;

C.      That the Defendant Markel is obligated to reimburse Arch all sums Arch has expended to date in defense of Graham with respect to the Gaytan Action;

D.      That the Defendant Markel is obligated to indemnify Graham in the event any judgment may be entered against it in favor of Gaytan;

E.      That the Defendant is required to pay attorney fees of Arch and Graham for bringing this action pursuant to NEB. REV. STAT. § 44-359;

F.      That the Defendant is required to pay all of the Plaintiffs' costs in the present action.

**GRAHAM CONSTRUCTION, INC. and ARCH INSURANCE COMPANY, Plaintiffs**

By:    Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, NE 68508
(402) 475-1075
rgoyette@baylorevnen.com

By:    /s/ Randall L. Goyette_____
Randall L. Goyette, # 16251

5

## CERTIFICATE OF SERVICE

      I hereby certify that on November 3, 2015, I electronically filed the forgoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to the following:

Jeremy Fitzpatrick
Tory M. Bishop
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102

                                      /s/ Randall L. Goyette_____
                                       Randall L. Goyette, # 16251

1231254